# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2020

Lyle W. Cayce
Clerk

No. 19-60882
Summary Calendar

JOSE ANTONIO TORRES-CARCAMO,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 713 666

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Torres-Carcamo, a native and citizen of Honduras, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Torres-Carcamo entered the United States in 2013. After crossing the border, Torres-Carcamo was detained for four

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60882

months, during which time he was told he would be a witness in the criminal proceedings against the person who helped him cross the border.  However, he was eventually released without having to testify after that person pleaded guilty.  On appeal, Torres-Carcamo alleges he has a well-founded fear of persecution on account of his membership in a particular social group, namely former material witnesses for the United States against human traffickers.  He also asserts he is likely to be tortured with the consent or acquiescence of the Honduran government if he is removed to Honduras.

This court reviews the BIA's decision and the IJ's ruling, to the extent it affects the BIA's decision.  *Wang v. Holder,* 569 F.3d 531, 536 (5th Cir. 2009).  Factual findings are reviewed for substantial evidence, and questions of law are reviewed de novo.  *Iruegas-Valdez v. Yates*, 846 F.3d 806, 810 (5th Cir. 2017).  Under substantial evidence review, reversal is improper unless this court decides "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it."  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted).  Torres-Carcamo argues the BIA and the IJ erred in concluding that (1) his asserted particular social group is not cognizable; (2) he did not show an objectively reasonable fear of persecution; and (3) he did not demonstrate he is likely to be tortured with the acquiescence of the Honduran government.

Even if his proposed particular social group is cognizable, an issue we do not reach, he has not shown that anyone is inclined to persecute him based on his membership in the asserted social group.  *See id.* at 1135-36.  He testified that he does not know whether the coyote is aware he was a potential witness against him, does not know the coyote's current location, and has not heard from the coyote since 2013.  Therefore, substantial evidence supports the BIA's and IJ's findings that his fear of persecution is not objectively reasonable.

2

No. 19-60882

Substantial evidence also supports their conclusion that he is not likely to be tortured with the consent of the Honduran government. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006). Torres-Carcamo testified that none of his family has been threatened or harmed because he was a potential witness, that the police have never declined to help his family in Honduras, and that he has never been harmed by a police officer in Honduras. Finally, although he presented evidence asserting the Honduran government is generally ineffective at controlling violence and that the coyote is affiliated with gangs that are more powerful than the police in Honduras, this is insufficient to establish that the Honduran government would acquiesce in any torture. *See Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014).

The record evidence does not compel this court to conclude that Torres-Carcamo is eligible for asylum, withholding of removal, or CAT relief. Accordingly, his petition for review is DENIED.